1
2
3
4
5
6
7
8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11              **SAN FRANCISCO DIVISION**

12

13  TODD S. GLASSEY and MICHAEL E.          Case No. 13-cv-04662 NC
    MCNEIL,
                                            **ORDER TO SHOW CAUSE WHY**
14              Plaintiffs,                 **CASE SHOULD NOT BE**
                                            **DISMISSED FOR LACK OF**
15        v.                                **SUBJECT MATTER**
                                            **JURISDICTION**
16  SYMMETRICOM, INC.,

17              Defendant.

18

19

20        This case arises from a dispute over a settlement agreement that divided intellectual

21  property rights between plaintiffs and defendant's predecessor company.  According to the

22  complaint, the settlement agreement at issue provided that plaintiffs (Glassey and McNeil)

23  would own "Phase II Technology," which plaintiffs invented, but that Datum (defendant

24  Symmetricom's predecessor in interest) would own a U.S. patent application that

25  incorporated some Phase II Technology.  The U.S. patent application ultimately issued as

26  U.S. Patent No. 6,370,629 ("the '629 Patent").  Plaintiffs assert five claims against

27  Symmetricom, including two breach of contract claims, an unjust enrichment claim, a

28  tortious interference with prospective economic advantage claim, and a declaratory

judgment claim.  Plaintiffs allege that Symmetricom breached the settlement agreement (1) by rewriting the patent application for the '629 Patent, such that it covered Phase II Technology never contemplated by the settlement agreement, and (2) by failing to maintain foreign patent applications that covered Phase II Technology.  Plaintiffs further allege that the patent rewrite unjustly enriched Symmetricom and that Symmetricom interfered with plaintiffs' attempts to license Phase II Technology by advising prospective licensees that plaintiffs did not have rights to any of the intellectual property embodied in the '629 Patent.  Plaintiffs seek a declaratory judgment that delineates which parts of the '629 Patent read on Phase II Technology not contained in the pre-settlement patent application for the '629 Patent.  Symmetricom filed a motion to dismiss, which is currently pending before the Court.  Because plaintiffs assert only state law claims and the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction, the Court orders plaintiffs to show cause in writing why the case should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, including "civil action arising under any Act of Congress relating to patents," 28 U.S.C. § 1338.  Federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states[.]"  28 U.S.C. § 1332(a).

Because plaintiffs allege in their complaint that all parties are citizens of California, the Court does not have diversity jurisdiction over this action.  Dkt. No. 1 at 1.  Plaintiffs assert that the Court has federal question jurisdiction under 28 U.S.C. § 1338 because "the

1    matters in [the case] relate to patents." *Id.* at 2.  Plaintiffs further assert that the Court has
2    supplemental jurisdiction under 28 U.S.C. § 1367 to hear the state law claims.  *Id.*

3         "For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v.*
4    *Minton*, 133 S. Ct. 1059, 1064 (2013).  First, "a case arises under federal law when federal
5    law creates the cause of action asserted." *Id.*  Second, "[e]ven where a claim finds its
6    origins in state rather than federal law[,]" the Supreme Court has identified "a 'special and
7    small category' of cases in which arising under jurisdiction still lies." *Gunn*, 133 S. Ct. at
8    1064-65.  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1)
9    necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in
10   federal court without disrupting the federal-state balance approved by Congress." *Id.* at
11   1065.  A federal issue is substantial only if it is important "to the federal system as a
12   whole." *Id.* at 1066.  "[I]t is not enough that the federal issue be significant to the particular
13   parties in the immediate suit[.]" *Id.*

14        Federal law does not create the causes of action plaintiffs assert.  Breach of contract,
15   unjust enrichment, and tortious interference are state law claims.  Further, while the
16   Declaratory Judgment Act provides for a federal remedy, it is not a federal cause of action
17   that can serve as an independent jurisdictional basis. *Fiedler v. Clark*, 714 F.2d 77, 79 (9th
18   Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional
19   basis for suits in federal court.  It only permits the district court to adopt a specific remedy
20   when jurisdiction exists." (citations omitted)).  Therefore, plaintiffs must demonstrate that
21   their case falls into that "special and small category" of cases where a federal court has
22   jurisdiction even though federal law does not create the causes of action asserted.

23        Plaintiffs' complaint appears to argue that this case arises under federal law because
24   the Court needs to construe patent claims in order to adjudicate the dispute. Dkt. No. 1 at 3.
25   Earlier cases have held that state law claims requiring a determination of patent
26   infringement arose under federal law. *See, e.g.*, *Additive Controls & Measurement Sys.,*
27   *Inc. v. Flowdata, Inc.*, 986 F.2d 476, 478 (Fed. Cir. 1993) ("Adcon's right to relief
28   necessarily depends upon resolution of a substantial question of patent law, in that proof

relating to patent infringement is a necessary element of Adcon's business disparagement claim." (internal quotation marks omitted)).  However, it is not clear that claim construction gives rise to a substantial federal issue after the Supreme Court's decision in *Gunn*.  The Supreme Court in *Gunn* noted that even when adjudication of a state law claim could have a preclusive effect on future patent litigation, that is not enough to establish federal arising under jurisdiction.  133 S. Ct. at 1067-68 ("[E]ven assuming that a state court's case-within-a-case adjudication may be preclusive under some circumstances, the result would be limited to the parties and patents that had been before the state court.  Such 'fact-bound and situation-specific' effects are not sufficient to establish federal arising under jurisdiction.").  Subsequent cases seem to reach the same conclusion.  *See Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d 1329, 1335 (Fed. Cir. 2013) ("Wheelabrator argues that this case nevertheless raises a substantial question of federal patent law because 'resolution of the claim construction . . . issues necessarily raised by [Forrester's] Amended Petition would have . . . potential preclusive effects in any future litigation involving the patents-in-issue.'  But the Supreme Court rejected a related argument in *Gunn*, concluding that any such collateral estoppel effect 'would be limited to the parties and patents that had been before the state court,' and that '[s]uch "fact-bound and situation-specific" effects are not sufficient to establish federal arising under jurisdiction.'" (citations omitted)); *see also MDS (Canada) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 841-43 (11th Cir. 2013) (holding that district court did not have federal arising under jurisdiction to adjudicate breach of contract claim requiring claim construction and patent infringement determination).  Accordingly, plaintiffs must explain how their breach of contract, unjust enrichment, and tortious interference claims give rise to federal subject matter jurisdiction in light of the principles set forth in *Gunn* and subsequent case law.

In addition, if plaintiffs contend that their declaratory judgment claim gives rise to federal question jurisdiction, they must explain the basis for this assertion.  Plaintiffs seek a declaration that delineates which parts of the '629 Patent read on Phase II Technology not contained in the pre-settlement patent application for the '629 Patent.  But "the declaratory

judgment statute does not confer jurisdiction by itself." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985). And to the extent that plaintiffs assert ownership rights in the '629 patent, patent ownership is not a federal issue. *StoneEagle Servs., Inc. v. Gillman*, No. 2013-1248, 2014 WL 1228735, at *3 (Fed. Cir. Mar. 26, 2014) ("[Patent] ownership is typically a question of state law."). A federal court has federal question jurisdiction over a declaratory judgment claim if "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights . . . ." *Janakes*, 768 F.2d 1091, 1093 (9th Cir. 1985). Accordingly, if plaintiffs contend that their declaratory judgment claim gives rise to federal question jurisdiction, they must address whether Symmetricom could have brought a coercive action that arises under federal law.

Because federal courts are presumptively without jurisdiction, the Court orders plaintiffs to show cause in writing by April 30, 2014, why the Court should not dismiss the case for lack of subject matter jurisdiction. Symmetricom may file a reply within 7 days after the plaintiffs file their response to the order to show cause. The Court will hold a hearing on the order to show cause on May 14, 2014, at 1:00 p.m. The case management conference set for April 23, 2014, is continued to the same date and time as the order to show cause hearing.

The Court will defer ruling on the pending motion to dismiss until resolution of this threshold jurisdictional question.

IT IS SO ORDERED.

Date: April 18, 2014

Nathanael M. Cousins
United States Magistrate Judge